**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4542**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

LARRY RAY JOHNSON,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, District Judge. (2:12-cr-00015-JPJ-PMS-1)

_____

Submitted: August 28, 2014      Decided: September 3, 2014

_____

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Charles M. Henter, HENTERLAW, PLC, Charlottesville, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Ray Johnson was convicted by a jury of eight counts of mailing threatening communications, 18 U.S.C. § 876(c) (2012), and was sentenced to an above-Guidelines sentence of 240 months' imprisonment. He appeals, claiming that the district court erred in denying his request for a second mental health evaluation and in imposing a sentence substantially above the Guidelines range of 78-97 months' imprisonment. Finding no error, we affirm.

Johnson, a Virginia inmate since 1973, mailed nine graphically violent, threatening letters to various public officials between 2007 and 2010. In April 2012, a federal grand jury returned a nine-count indictment based on each of the letters. At his initial appearance before a magistrate judge, Johnson requested — and was granted — a psychiatric evaluation to determine his competency to stand trial. Johnson was then sent to the Federal Medical Center in Lexington, Kentucky, where he underwent a mental health evaluation. The forensic report included an analysis of Johnson's responses to questions posed to him, a review of his mental health and prison record, investigative material involving the nine threatening letters, and his behavior with other inmates and staff during the period of evaluation. The report concluded that Johnson was diagnosed with malingering as well as antisocial personality disorder. At

2

Johnson's competency hearing, the magistrate judge reviewed the forensic report and determined that Johnson was competent to stand trial. A January 2013 trial date was set.

On December 19, 2012, Johnson's attorney moved to withdrew from representation. At the hearing the following day, Johnson requested a second psychiatric examination. A new attorney was appointed to represent Johnson and, on February 14, 2013, after meeting with Johnson, Johnson's newly-appointed counsel filed a motion to withdraw Johnson's motion for an additional psychiatric evaluation. On March 1, Johnson filed a pro se motion to remove his court-appointed attorney and to proceed pro se. The court denied Johnson's motion to proceed pro se, and convened another hearing to determine Johnson's competency. Johnson then filed another a motion for a second psychological evaluation. At a hearing held the day before Johnson's scheduled trial date, the district court denied his motion and found him fully competent to stand trial.

The jury found Johnson guilty of Counts One and Three through Nine; he was acquitted on Count Two. Based on a total offense level of 26, and a criminal history category of III, Johnson's advisory Guidelines range was 78-97 months. However, the Government filed a Motion and Notice of Intent to Seek Upward Departure and Upward Variance, in which it requested a sentence of 300 months, arguing that Johnson's criminal history

3

category substantially underrepresented the seriousness of his criminal history and the likelihood that he would commit other crimes. The district court imposed a 240-month sentence (120 months on each count, to run partly concurrently). Johnson noted a timely appeal.

Johnson first argues that the district court erred in denying his request for a second mental health evaluation. A district court must hold a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a) (2012). Whether reasonable cause has been demonstrated is left to the discretion of the district court. United States v. Mason, 52 F.3d 1286, 1289 (4th Cir. 1995). In determining whether there is reasonable cause to order a competency hearing, a trial court must consider "evidence of irrational behavior, the defendant's demeanor at trial, and medical opinions concerning the defendant's competence." Id. at 1290. "Medical opinions are usually persuasive evidence on the question of whether a sufficient doubt exists as to the defendant's competence." Id. (internal quotation marks omitted).

4

Applying these standards, we find that the district court did not abuse its discretion in refusing Johnson's request for a second competency evaluation. First, Johnson was granted a thorough evaluation beginning in July 2012 and offers no evidence — nor does he suggest — that his condition somehow deteriorated between the time of the first evaluation and his motion for a second one. Second, the record amply supported the district court's conclusion that there was no reasonable cause to order another competency hearing. The initial examination, along with other supporting evidence, established that Johnson did not suffer from a mental disease or defect rendering him unable to assist in his defense and was, therefore, competent to stand trial.

Johnson also challenges his 240-month sentence, arguing that the district court did not adequately explain its reasons for imposing a sentence substantially above the applicable Guidelines range. We review a sentence for reasonableness, applying "an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). This court must first review for "significant procedural error[s]," including, among other things, improperly calculating the Guidelines range. Id. Only if we find a sentence procedurally reasonable may we consider its substantive reasonableness. Id. Regardless of whether a district court varies or departs, this court reviews

5

the substantive reasonableness of an above-Guidelines sentence with regard to "whether the District Judge abused his discretion in determining that the [18 U.S.C.] § 3553(a) [(2012)] factors supported [the] sentence . . . and justified [the] deviation from the Guidelines range." Gall, 552 U.S. at 56. In doing so, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. at 51.

Johnson does not challenge the procedural reasonableness of his sentence. Rather, he argues that his sentence was 250% above the top of the Guidelines range and, therefore, required more explanation from the district court in order to sustain the extent of the variance. We find that the district court clearly and adequately explained its reasoning for the higher sentence. The court identified the relevant § 3553(a) factors underlying its decision and explained the reasoning for a sentence significantly above the Guidelines range. Johnson cannot show that his sentence is substantively unreasonable.

Accordingly, we affirm Johnson's conviction and sentence. We deny Johnson's motion to file a pro se supplemental brief and we dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before this court and argument would not aid the decisional process.

AFFIRMED